**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

JOSEPH J. PARFAIT, JR.                        CIVIL ACTION

VERSUS                                        NO. 12-597

HERCULES DRILLING CO., L.L.C.                 SECTION "B"(5)
and PISCES ENERGY, L.L.C.

<u>ORDER AND REASONS</u>

Before the Court are Defendants Hercules Drilling Co., L.L.C. and Pisces Energy, L.L.C.'s ("Defendants") Motion to Dismiss or Alternatively Continue Trial and Pre-trial Conference and Plaintiff Joseph J. Parfait, Jr.'s ("Parfait") Opposition[1] to the motion and Parfait's Motion for Leave to Comply with the Court's Order Beyond the Deadline. (Rec. Docs. No. 33, 37, & 32). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Defendants' Motion is **DENIED** to the extent that it seeks dismissal with prejudice and **GRANTED** to the extent that it seeks continuance of trial dates.

**IT IS FURTHER ORDERED** that to avoid prejudice to Defendants caused by the delay in Parfait's deposition, and considering Parfait's own admission that he cannot guarantee appearance for

---

[1]Parfait only opposes Defendants' Motion to Dismiss. Parfait indicates that he has "no objection to a continuance of any and all applicable deadlines in this case, up to and including discovery cut-offs and scheduled trial dates." (Rec. Doc. No. 37 at 4). To that extent, the Court treats Defendants' motion in the alternative as a joint motion to continue. The final pretrial conference is set for January 3, 2013, and a bench trial is set to begin on January 28, 2013. (Rec. Doc. No. 12).

deposition for any foreseeable date, the instant action is **STAYED** and the above-captioned matter is **CLOSED** for administrative purposes only, without prejudice to the parties' right to reopen the case upon timely compliance with the orders contained herein. The administrative closure can be lifted upon motion of either party <u>provided</u> said motion is filed <u>**no later than March 1, 2013**</u>.

**IT IS FURTHER ORDERED** that parties' perform all pertinent discovery work during the administrative closure, including depositions of all parties, beginning with Parfait's deposition first. **Failure to timely comply with the orders contained herein may lead to dismissal of claims and/or defenses without further notice. As sanctions for noncompliance with Court Orders, Parfait shall pay Defendants' reasonable attorney's fees and costs associated with the filing of this motion to continue AND reasonable attorney's fees and costs incurred by Defendants in taking Parfait's deposition.** All payments ordered herein shall be made to Defendants <u>**no later than five (5) business days after Parfait's deposition**</u>. <u>**FAILURE TO TIMELY COMPLY WITH ABOVE ORDERS WILL LEAD TO DISMISSAL OF ALL CLAIMS.**</u>

**IT IS FURTHER ORDERED** that Parfait's Motion to Comply with the Court's Order Beyond the Deadline is **DISMISSED as moot** in light of

the above ruling.[2]

Procedural History and Facts of the Case:

This is Defendants' second motion to dismiss based on Parfait's failure to appear at his deposition. Parfait is a resident of the Parish of Terrebonne, State of Louisiana, who alleges he was injured aboard the M/V HERCULES 263, an oil exploration vessel in navigation owned and operated by Defendants.[3] (Rec. Doc. No. 1). Parfait alleges that the negligence of the Defendants and unseaworthiness of the vessel were the cause of his injuries. *Id*. at 4.

Parfait filed suit against Defendants in this Court on March 6, 2012, seeking damages for: pain and suffering, lost wages, loss of earning capacity and disability, under both the Jones Act, 46 U.S.C. § 30104 and pursuant to general maritime law. *Id*. Parfait also seeks to recover costs, including filing fees, witness fees, and attorneys' fees. *Id*. at 5. On June 26, 2012, Defendants served Interrogatories and Request for Production upon Parfait. (Rec. Doc. No. 21-1 at 2). After Parfait failed to respond to both the initial discovery request and a subsequent request for a Rule 37 conference, Defendants filed a Motion to Compel on September 14,

---

[2]The Court notes that Parfait's Motion is also mooted in light of the fact that it requests leave to conduct Parfait's deposition on December 5, 2012, a date that Parfait subsequently admits he was unable to appear. (Rec. Docs. No. 32 & 37).

[3]Defendant Hercules Drilling Company, LLC owned the vessel, and defendant Pisces Energy, LLC operated the vessel. (Rec. Doc. No. 1 at 2).

2012.  (Rec. Docs. No. 21-1 at 2 & 15).  Parfait responded to the discovery requests on September 21, 2012.[4]  (Rec. Doc. No. 21-1 at 2).  Defendants also made several unsuccessful attempts to schedule a deposition of Parfait. (Rec. Doc. No. 21 & 21-1 at 3).  Based on Parfait's failure to timely respond to discovery requests necessitating a motion to compel, and on Parfait's failure to appear at his deposition, Defendants moved for dismissal or in the alternative, suspension of deadlines and attorney's fees and expenses. (Rec. Doc. No. 21).

Per this Court's Order and Reasons dated November 20, 2012, the Defendants' motion was granted in part. (*See* Rec. Doc. No. 30).  The Court ordered Parfait to pay attorney's fees and expenses incurred by the Defendants' motions to compel and to dismiss, and ordered that Parfait appear for deposition no later than November 30, 2012, or face dismissal of his claims. (Rec. Doc. No. 30 at 2).  Parfait's failure to appear for deposition by the Court-imposed deadline of November 30, 2012 triggered Defendants' instant motion to dismiss or alternatively continue pre-trial and trial dates. (Rec. Doc. No. 33). On the deadline of November 30, 2012, Parfait filed a Motion for Leave to Comply with the Court's Order Beyond the Deadline, seeking to schedule Parfait's deposition for December 5, 2012.  (Rec. Doc. No. 32).  However, Parfait

---

[4]Parfait responded to the discovery requests before the Magistrate Judge granted the Motion to Compel as unopposed on October 1, 2012. (Rec. Doc. No. 21-1 at 2 & 18).

subsequently admitted in his Opposition to Defendants' instant motion that he was unable to appear on December 5, 2012 due to his employment offshore, and that "neither Mr. Parfait nor his counsel can guarantee" when he will be relieved to return onshore for a deposition.  (Rec. Doc. No. 37 at 3).

<u>Law & Analysis</u>

A. Motion to Dismiss

A plaintiff's failure to comply with a district court order to appear for deposition can be grounds for dismissal under both Federal Rules of Civil Procedure 37(d) and 41(b), for failure to comply with a discovery order and failure to prosecute, respectively.  *Kabbe v. Rotan Mosle, Inc.*, 752 F.2d 1083, 1084 n.1 (5th Cir. 1985).  The Fifth Circuit "has consistently held that [R]ule 41(b) dismissals with prejudice will be affirmed only upon a showing of a clear record of delay or contumacious conduct by the plaintiff, ... and where lesser sanctions would not serve the best interest of justice." *Dorsey v. Scott Wetzel Services, Inc.*, 84 F.3d 170, 171 (5th Cir. 1996), citing *Salinas v. Sun Oil Co.*, 819 F.2d 105, 106 (5th Cir. 1987).  Repeated failures to comply with court orders after being warned multiple times that such failures would result in dismissal, or repeated failures to appear in court for hearing dates have been held to be "contumacious conduct" warranting dismissal under Rule 41(b).  *Dorsey*, 84 F.3d at 171-72; *Hawkins v. AT&T Corp.*, No. SA-02-CA-0166-RF, 2003 WL 22736525 at *3

(W.D. Tx. Nov. 12, 2003).

Likewise, "a Rule 37 dismissal is proper if the refusal to cooperate resulted 'from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct.'" *Pegues v. PGW Auto Glass, L.L.C.*, 451 Fed.Appx. 417, 418 (5th Cir. 2011), citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). The discovery violation must be attributable to the party himself rather than his attorney, and a lesser sanction must be unavailable. *Id*. "Deliberate, repeated refusals to comply with discovery orders" such as a pro se plaintiff's persistent refusals to appear for deposition, have been held to justify dismissal as the ultimate sanction. *Pegues*, 452 Fed.Appx. at 417, citing *Bonaventure v. Butler*, 593 F.2d 625, 625-26 (5th Cir. 1979). The Fifth Circuit has proposed "staying further proceedings pending compliance" with discovery orders as an appropriate alternative sanction. *Griffin v. Aluminum Co. of America*, 564 F.2d 1171, 1173 (5th Cir. 1977).

In *Hawkins*, the district court dismissed the case pursuant to Rule 41(b) after the pro se plaintiff repeatedly disregarded court orders, despite warnings that it would result in dismissal. *Hawkins*, 2003 WL 22736525 at *3. In *Dorsey*, the Fifth Circuit affirmed dismissal under Rule 41(b) after the plaintiff failed to timely file a pretrial order, failed to timely designate an expert witness, and twice failed to appear in court for trial. *Dorsey*, 84

F.3d at 171-72. The Fifth Circuit also found no abuse of discretion in the district court's dismissal under Rule 41 in *Kabbe*, where the plaintiff failed to appear for deposition three times, the final time despite a court order that warned that "failure to appear for deposition will result in the immediate dismissal of this cause of action with prejudice..." *Kabbe*, 752 F.2d at 1084.

In *Pegues*, the Fifth Circuit affirmed dismissal under Rule 37, after the plaintiff "persistently refused to arrange to have his deposition taken." *Pegues*, 41 Fed.Appx. at 418. The Fifth Circuit noted that plaintiff in Pegue "lack[ed] legal, factual, or logical support" for refusal to appear for deposition. *Id.* (noting that the plaintiff made "meritless arguments ... about fear of being assassinated by the defendants [which were] at best unreasonable and at worst disingenuous.") The Fifth Circuit further noted that "because [plaintiff] is acting pro se, he had no counsel to blame for his actions." *Id.* Finally, the Fifth Circuit stated that lesser sanctions, such as a fine, would have been ineffective, as the plaintiff was proceeding in forma pauperis.

As in the above cases, the Court has discretion to dismiss Parfait's case under both Rules 37 and 41, as sanctions for disregarding a discovery order. However, although the Court explicitly warned Parfait that failure to appear for deposition by November 30, 2012 would result in dismissal, in exercising its

7

discretion, the Court must still consider whether such dismissal is in the best interest of justice.  In this regard, the grounds upon which the Defendants urge for dismissal in the instant action can be distinguished from the above cases where dismissal was warranted under either Rule 37 or 41.

First, in the *Hawkins*, *Dorsey*, and *Kabbe* cases granting dismissal under Rule 41, the plaintiffs failed to appear for deposition at least three times, and ignored multiple court orders and warnings of dismissal.  Here, although Parfait has twice failed to appear for deposition, only the second failure was in violation of a Court Order warning of dismissal.  Further, the Fifth Circuit has emphasized that dismissal is a more appropriate sanction for violation of a discovery order when the plaintiff is pro se, and his failure to comply cannot be attributed to counsel.  Here, Parfait is represented by counsel, and the failure to appear for deposition or timely communicate with the Court or Defendants about his inability to appear by November 30, 2012 seems attributable at least in part to Parfait's counsel. (*See* Rec. Docs. No.  37 at 3 & 32, Parfait's counsel indicates that she was aware as early as November 20, 2012 that Parfait would be offshore until after the November 30, 2012 deadline, but made no effort to continue the deadline with the Court until November 30, 2012; Rec. Doc. No. 33 at 2, n.1, Defendants' attempts to re-Notice deposition of Parfait failed due to "Parfait's counsel's fax machine being broken.").

8

Further, in the *Pegues* case affirming dismissal under Rule 37, the Fifth Circuit noted the "meritless" bases that the plaintiff offered for refusal to appear for deposition as a factor weighing in favor of dismissal.  Here, Parfait claims he is willing to appear for oral deposition as soon as possible, and is prevented from doing so due to the offshore nature of his employment.  (Rec. Docs. No. 37 at 4 & 39-2).  Parfait and his counsel should realize that court deadlines and orders are not superceded by personal preferences or whims of litigants.  Timely requests to extend deadlines or modify orders, with a credible showing of good cause, must be timely filed immediately upon learning of grounds for same. There is no evidence from Parfait's employer that adverse action is imminent or contemplated for an employee's compliance with federal court orders.  We will not accept his unsupported conclusions here. However, despite Parfait's failure to comply with this Court's discovery order, it is in the best interest of justice to impose the lesser available sanction of staying the matter pending compliance with discovery, as was suggested by the Fifth Circuit in *Griffin*.  *Griffin*, 564 F.2d at 1173.

However, we can neither ignore nor countenance above-noted failures of Parfait and his attorney to comply with orders designed to facilitate prosecution of instant claims.  Accordingly, no later than five (5) business days after completion of Parfait's deposition, Parfait and his counsel shall pay Defendants' reasonable attorney's fees and costs associated with:

(1) Defendants' motion to continue trial and;

9

      (2) Parfait's deposition.

New Orleans, Louisiana, this 21st day of December, 2012.


UNITED STATES DISTRICT JUDGE