```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JOSEPH J. PARFAIT, JR.                          CIVIL ACTION

VERSUS                                          NO. 12-597

HERCULES DRILLING CO., L.L.C.                   SECTION "B"(5)
and PISCES ENERGY, L.L.C.
```

ORDER AND REASONS

Before the Court are Defendants Hercules Drilling Co., L.L.C. and Pisces Energy, L.L.C.'s ("Defendants") Motion to Dismiss and Plaintiff Joseph J. Parfait, Jr.'s ("Parfait") Opposition to the motion. (Rec. Docs. No. 43 & 45). Also before the Court is Defendants' unopposed Motion to Reopen for limited purposes of ruling on the aforementioned Motion to Dismiss. (Rec. Doc. No. 42). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Defendants' Motion to Reopen is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss is **GRANTED** and Parfait's claims are **DISMISSED with prejudice**.

Procedural History and Facts of the Case:

This is Defendants' third motion to dismiss, based on Parfait's alleged failure to comply with the Orders of this Court. The Court is already familiar with the facts of this case and incorporates by reference the facts giving rise to the claim from its Order and Reasons dated December 21, 2012. (*See* Rec. Doc. No. 41 at 3).

Defendants' first Motion to Dismiss was based on Parfait's failure to timely respond to discovery requests necessitating a motion to compel, and on Parfait's failure to appear at his deposition; in the alternative, Defendants moved for suspension of deadlines and attorney's fees and expenses.  (Rec. Doc. No. 21).

Per this Court's Order and Reasons dated November 20, 2012, the Defendants' first motion was granted in part. (*See* Rec. Doc. No. 30).  The Court ordered Parfait to pay attorney's fees and expenses incurred by the Defendants' motions to compel and to dismiss, and ordered that Parfait appear for deposition no later than November 30, 2012, <u>or face dismissal of his claims</u>.  (Rec. Doc. No. 30 at 2), emphasis added.  Parfait's failure to appear for deposition by the Court-imposed deadline of November 30, 2012 triggered Defendants' second motion to dismiss or alternatively continue pre-trial and trial dates.  (Rec. Doc. No. 33).

In its Order and Reasons dated December 21, 2012, the Court granted Defendants' second motion in part; denying dismissal and granting the motion to continue.[1]  (Rec. Doc. No. 41).  As sanctions for noncompliance with previous Court Orders, Parfait was ordered as follows:"<u>[P]ay Defendants' reasonable attorney's fees and costs associated with the filing of this motion to continue AND reasonable attorney's fees and costs incurred by Defendants in</u>

---

[1] The Court also stayed and administratively closed the case.  (Rec. Doc. No. 41).

taking Parfait's deposition. All payments ordered herein shall be made to Defendants no later than five (5) business days after Parfait's deposition." *Id*. at 2. The Court warned that: "FAILURE TO TIMELY COMPLY WITH ABOVE ORDERS WILL LEAD TO DISMISSAL OF ALL CLAIMS." *Id*.

Parfait's deposition was taken on January 3, 2013. (Rec. Docs. No. 43-1 at 2 & 45 at 1). Defendants now seek dismissal based on Parfait's alleged failure to pay the reasonable attorney's fees and costs pursuant to this Court's Order and Reasons dated December 21, 2012. (Rec. Docs. No. 41 & 43-1). Parfait opposes the instant motion to dismiss. (Rec. Doc. No. 45).

Law & Analysis

A. Motion to Dismiss

A plaintiff's failure to comply with a district court order can be grounds for dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *Kabbe v. Rotan Mosle, Inc.*, 752 F.2d 1083, 1084 n.1 (5th Cir. 1985). The Fifth Circuit "has consistently held that [R]ule 41(b) dismissals with prejudice will be affirmed only upon a showing of a clear record of delay or contumacious conduct by the plaintiff, ... and where lesser sanctions would not serve the best interest of justice." *Dorsey v. Scott Wetzel Services, Inc.*, 84 F.3d 170, 171 (5th Cir. 1996), citing *Salinas v. Sun Oil Co.*, 819 F.2d 105, 106 (5th Cir. 1987). Repeated failures to comply with court orders after being warned

3

multiple times that such failures would result in dismissal have been held to be "contumacious conduct" warranting dismissal under Rule 41(b). *Dorsey*, 84 F.3d at 171-72; *Hawkins v. AT&T Corp.*, No. SA-02-CA-0166-RF, 2003 WL 22736525 at *3 (W.D. Tx. Nov. 12, 2003).

In *Hawkins*, the district court dismissed the case pursuant to Rule 41(b) after the *pro se* plaintiff repeatedly disregarded court orders, despite warnings that it would result in dismissal. *Hawkins*, 2003 WL 22736525 at *3. In *Dorsey*, the Fifth Circuit affirmed dismissal under Rule 41(b) after the plaintiff failed to timely file a pretrial order, failed to timely designate an expert witness, and twice failed to appear in court for trial. *Dorsey*, 84 F.3d at 171-72. The Fifth Circuit also found no abuse of discretion in the district court's dismissal under Rule 41 in *Kabbe*, where the plaintiff failed to appear for deposition three times, the final time despite a court order that warned that "failure to appear for deposition will result in the immediate dismissal of this cause of action with prejudice..." *Kabbe*, 752 F.2d at 1084.

As in the above cases, dismissal pursuant to Rule 41 is warranted here. On December 21, 2012, this Court warned Parfait for the <u>second</u> time that failure to comply with its orders would result in dismissal. (*See* Rec. Docs. No. 30 & 41). Parfait provides no explanation for his failure to comply with the Court Order to pay costs, dated December 21, 2012, which is the grounds

for Defendants' instant motion.[2]  (Rec. Docs. No. 41 & 45). Further, Parfait's assertion that Defendants made no demand for payment "in connection with the taking of the deposition of [Parfait] on January 3, 2013," is discredited by the e-mail correspondence between Defendants and Parfait showing that such a demand was made.  (Rec. Doc. No. 43-2 at 14-15).  Parfait's repeated failure to comply with this Court's Orders, despite the imposition of lesser sanctions and after being warned multiple times that such failure would result in dismissal, warrants granting the Defendant's third Motion to Dismiss with prejudice, pursuant to Rule 41(b).  Therefore, Parfait's claims are **DISMISSED with prejudice**, for contumacious failure to comply with Court Orders and misrepresentation of grounds for said noncompliance (*e.g.* claiming that no demand for costs was made by Defendants).

New Orleans, Louisiana, this 11th day of March, 2013.

UNITED STATES DISTRICT JUDGE

---

[2] Due either to incompetence or deliberate gamesmanship, Parfait relies on evidence of compliance with this Court's Order and Reasons dated November 21, 2012, a matter which is not in dispute.  (Rec. Docs. No. 45 at 1, 45-1 at 1-2).

5